UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven Michael HUGHES,
Defendant–Appellant.

No. 01–30089.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2002.

Filed March 13, 2002.

Nancy Bergeson, Assistant Federal Public Defender, Portland, OR, for the defendant-appellant.

John F. Deits, Assistant United States Attorney, Portland, OR, for the plaintiff-appellee.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

## OPINION

GRABER, Circuit Judge.

This case requires us to decide whether United States Sentencing Guideline (U.S.S.G.) § 2G1.1(c)(1)—which directs a 4191 court to use U.S.S.G. § 2G2.1 "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a person less than 18 years of age to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct"—applies when the defendant's *primary* purpose in causing the juvenile to engage in sexually explicit conduct was sexual gratification, but the defendant's *secondary* purpose was to produce the visual depiction. We conclude that it does. Accordingly, we affirm.

## BACKGROUND

Defendant Steven Michael Hughes pleaded guilty to two counts of transporting a minor across state lines to engage in sexual activity, in violation of 18 U.S.C. § 2423. Because Defendant had made sexually explicit films and photographs of the minor involved in his offense, the district court applied the cross-reference contained in U.S.S.G. § 2G1.1(c)(1)[1] when sentencing Defendant. On appeal, Defendant contends the district court erred by applying the cross-reference.

The charges against Defendant stemmed from his relationship with a 15–year–old boy known as "Cora." Cora's mother had found among her son's possessions a videotape entitled "Steve Hughes with Cora, 12–17–98 and Ryan 5–97 . . . rated XXX." The tape depicted Defendant and Cora engaging in various sexual acts. It also contained footage of Defendant engaged in sex with an adult male at a different time and place. Cora's mother delivered the tape to the local police. An investigation ensued.

The police interviewed Cora. Cora disclosed that he had met Defendant for the first time in November 1998 in downtown Portland, Oregon. According to Cora, Defendant had taken Cora to dinner and then to a hotel in Vancouver, Washington, where they spent the night. For the next few weeks, Defendant and Cora saw each other frequently. On December 16, 1998, Defendant again met Cora in downtown Portland and took him to a hotel in Vancouver. There, Cora and Defendant engaged in the sexual activity memorialized on the videotape that Cora's mother discovered. Defendant also took several nude photographs of Cora.

In June 1999, the Federal Bureau of Investigation (FBI) obtained a warrant and searched Defendant's residence. During the search, Defendant admitted to having engaged in sex with Cora and to having recorded the acts on 8 millimeter videotape. Defendant told the FBI agents that he had made two VHS copies of the tape, adding music to enhance the production value. Defendant said that he did not intend to sell the tapes. The FBI agents seized three nude photographs of Cora, which they found in Defendant's van. The agents also seized printed copies of several e-mail messages written by Defendant. One of the messages, addressed from Defendant to a friend, reads: "So I just sent you the video of Tri-state [a band] and Cory [sic] and me's first date it also con-

---

1. U.S.S.G § 2G1.1(c)(1) provides in pertinent part: "If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a person less than 18 years of age to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 . . . ."

tains videos of Ryan and me." The e-mail also describes Defendant's sexual contact with another minor known as "Ambrosia," who is a friend of Cora.

The authorities interviewed Ambrosia, who told them that Defendant also had videotaped him engaging in sexually explicit conduct. He corroborated the description of the sexual contact contained in Defendant's e-mail.

FBI agents arrested Defendant on August 4, 1999. He was charged in a six-count indictment. Pursuant to a plea agreement, he pleaded guilty to two of the counts, and the remaining charges were dismissed.

The district court then held a sentencing hearing. The Government urged the district court to apply the cross-reference contained in U.S.S.G. § 2G1.1(c)(1).[2] That provision directs the court to apply U.S.S.G. § 2G2.1 if the sexual conduct involved in the underlying offense was "for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G1.1(c)(1). The cross-reference operated to increase Defendant's offense level from 15 to 29.

Defendant called as a witness Dr. Edward Vien, a psychologist. Dr. Vien testified that Defendant's "primary intent" in engaging in sexual conduct with Cora was sexual gratification. However, Dr. Vien also stated that the production of the videotape was one of Defendant's "secondary" purposes for engaging in sexual conduct with Cora.

After the hearing, the court found that the cross-reference applied:

The evidence shows that the defendant caused and permitted this minor to engage in sexually explicit conduct with the purpose of videotaping such conduct. While the videotaping may have been a secondary purpose of this defendant, it was an integral part of the defendant's criminal conduct and was not in any way incidental. The defendant purposefully made the videotape for his future personal use. The court finds by clear and convincing evidence that the application of the cross reference to Guideline 2G1.1(c)(1) is supported by the facts and the law in this case.

The court then sentenced Defendant to 63 months' incarceration on each count, with the sentences to be served concurrently. Defendant timely appealed.

## STANDARD OF REVIEW

We review de novo the district court's interpretation of the sentencing guidelines. *United States v. Reyes–Pacheco,* 248 F.3d 942, 945 (9th Cir.2001). We review the district court's factual determinations for clear error. *United States v. James,* 139 F.3d 709, 713 (9th Cir.1998).

## DISCUSSION

The narrow question presented in this appeal is whether the cross-reference to U.S.S.G. § 2G2.1 contained in U.S.S.G. § 2G1.1(c)(1) applies when the district court finds, and evidence shows,[3] that creating a visual depiction was a defendant's secondary, as opposed to primary, purpose in causing a person under the age of 18 to engage in sexual conduct.[4]

2. The parties and the district court agreed that the applicability of the cross-reference would have to be proved by clear and convincing evidence. We are not asked in this appeal to rule on the burden of proof.

3. Defendant does not claim that the district court's factual finding is clearly erroneous. That finding is supported both by Dr. Vien's

testimony and by the printed e-mail seized from Defendant's house.

4. In this appeal, Defendant challenges only the district court's application of U.S.S.G. § 2G1.1. He does not contest the plea agreement or his convictions pursuant to the agreement.

The text, context, purpose, and legislative history of the cross-reference, along with case law construing an identical cross-reference, reveal that the answer to that question is "yes."

Defendant first raises a textual argument as to why, in his view, the cross-reference applies only when the offender's *sole* purpose in engaging in the offense is to create a visual depiction of sexually explicit conduct with a minor. Defendant reasons that if the Sentencing Commission had intended the cross-reference to apply when the creation of a visual depiction was but one among several purposes, the Commission would have used the article "a" to modify "purpose," instead of using the article "the." Because he had two purposes in causing Cora to engage in sexual conduct, Defendant argues that the cross-reference does not apply to him.

■ In this context, the use of the word "the" does not bear the weight that Defendant gives it. In ordinary usage, doing X "for the purpose of" Y does not imply that Y is the exclusive purpose. Moreover, as discussed below, the directive in application note 9 to U.S.S.G. § 2G1.1(c)(1) to apply the cross-reference "broadly" demonstrates that the Sentencing Commission intended the cross-reference to apply with equal force to single-minded defendants and to defendants with multiple motives. U.S.S.G. § 2G1.1, cmt. n. 9. In short, Defendant cannot immunize himself from the operation of U.S.S.G. § 2G1.1(c)(1) merely by demonstrating that he had an additional reason other than the creation of the videotape and photographs for causing Cora to engage in sexually explicit conduct.

Defendant also asserts, in the alternative, that the cross-reference applies only when a defendant's *primary* purpose in causing a minor to engage in sexually explicit conduct was the creation of a visual depiction of that conduct. Again, we are not persuaded.

First, the plain text of U.S.S.G. § 2G1.1(c)(1) does not differentiate among the relative priorities of a defendant's actual purposes in committing the offense. Instead, it states simply that if the "offense involved causing, transporting, [or] permitting ... a person less than 18 years of age to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," then the court *must* apply § 2G2.1. U.S.S.G. § 2G1.1(c)(1). That wording encompasses any defendant who acts with the purpose of creating a visual depiction of a person under the age of 18 engaged in sexually explicit conduct, whether that purpose be primary or secondary.

Second, the application note to U.S.S.G. § 2G1.1(c)(1) confirms that the cross-reference applies to a defendant whose purpose of creating the visual depiction is secondary to the purpose of sexual gratification. It provides in pertinent part:

> The cross reference in subsection (c)(1) *is to be construed broadly to include all instances* in which the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice or advertisement, a person less than 18 years of age to engage in sexually explicit conduct for the purpose of producing *any* visual depiction of such conduct.

U.S.S.G. § 2G1.1, cmt. n. 9 (emphasis added). The instruction to construe the cross-reference "broadly" to apply to "all instances" in which the defendant committed the offense for the purpose of creating a visual depiction of sexually explicit conduct demonstrates that the cross-reference applies so long as the defendant had the purpose of creating a visual depiction. A court is not required to rank the reasons that a defendant had for committing an offense. Rather, it need ascertain only

whether *one* of the defendant's purposes was to create a visual depiction.

The legislative history of U.S.S.G. § 2G1.1(c)(1) further suggests that the cross-reference applies to a defendant who commits a relevant offense with the affirmative, albeit secondary, purpose of creating a visual depiction of sexually explicit activity. The cross-reference was added to the Guidelines as part of the 1990 amendments. The commentary to the amendments states that the section was added "to provide an offense level that more appropriately reflects the seriousness of such conduct." U.S.S.G. Manual app. C, amend. 323.

Creating a visual record is more serious conduct, whether it was a defendant's primary or secondary motive[5] in committing the offense. The harm is that the offense is intentionally preserved. Not only has a person under the age of 18 been exploited once through felonious sexual conduct, but the defendant has made a visual record of that exploitation, setting the stage for future and repeated exploitation. *See Osborne v. Ohio,* 495 U.S. 103, 111, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (stating that "materials produced by child pornographers permanently record the victim's abuse" and "causes the child victims continuing harm by haunting the children in years to come"); *United States v. Stevens,* 197 F.3d 1263, 1269 n. 6 (9th Cir.1999) (stating that "[a]s long as the images are in circulation, the possessors of the images continue to victimize the people depicted, whether they are seven or seventy-seven").

Defendant asserts that his offense would be even more serious had he intended to distribute the tape. That may be so, but the Guidelines have chosen not to draw that distinction. The cross-reference's silence regarding a defendant's intent to distribute the visual depiction implies that such intent is irrelevant to its application. *See United States v. Dawn,* 129 F.3d 878, 884 (7th Cir.1997) (stating that an identical cross-reference[6] implements "the common sense notion that [an offender] who has manufactured the pornography in his possession is both more culpable and more dangerous than one who has received or possessed the pornography and no more"). As noted, the creation of the visual record would *permit* sale or distribution of the materials later, should a defendant's intentions change, and the Guidelines took that possibility into account.

Defendant contends that *United States v. Crandon,* 173 F.3d 122 (3d Cir.1999), stands for the proposition that U.S.S.G. § 2G1.1 applies only when a defendant's primary purpose in engaging in the offense is to produce a visual depiction of it, and that we should adopt that interpretation. We read *Crandon* differently. In *Crandon,* the court construed an identical cross-reference contained in U.S.S.G. § 2G2.2(c)(1). *Id.* at 129–30. The Third Circuit held that the fact that a defendant made a visual depiction of sexually explicit conduct covered by the cross-reference does not, standing alone, prove that making the depiction was the defendant's purpose in causing the conduct. *Id.* Instead,

---

**5.** We use the term "secondary motive" to apply to all motives that are subordinate to a defendant's primary motive or purpose.

**6.** U.S.S.G. §§ 2G2.2(c)(1) and 2G2.4(c)(1), both of which the court applied in *Dawn,* echo the wording of U.S.S.G. § 2G1.1(c)(1) (which we quoted in footnote one, above): "If the offense involved causing, transporting, permitting, or offering or seeking by notice or

advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1...." U.S.S.G. §§ 2G2.2(c)(1), 2G2.4(c)(1). The only distinction between U.S.S.G. §§ 2G2.2(c)(1) and 2G2.4(c)(1) and § 2G1.1(c)(1) is that the former provisions refer to "a minor" whereas the latter section refers to "a person less than 18 years of age."

before applying the cross-reference, a sentencing court must make an affirmative inquiry into the defendant's purpose in causing the sexually explicit conduct, to determine whether the defendant had the purpose of creating the visual depiction. *Id.* at 130–31. Because the district court in *Crandon* had applied the cross-reference without examining the defendant's motive at all, the court reversed and remanded, directing the district court to examine the defendant's purpose in causing the sexually explicit conduct memorialized by the photographs at issue in that case. *Id.* at 131.

Contrary to Defendant's assertion, the application of the cross-reference in this case is consistent with *Crandon*. Here, the district court did not apply the cross-reference merely because Defendant had made the film and taken the photographs of Cora. Instead, it inquired extensively into Defendant's motive and applied the cross-reference because it found, based on evidence, that Defendant had caused Cora to engage in sexual conduct for the secondary purpose of filming and photographing that conduct. That finding is supported by Dr. Vien's testimony and the printed e-mail seized from Defendant's house, and is not clearly erroneous.[7]

In summary, the text, context, purpose, and history of the Guidelines, along with the sparse precedent that is available, all support the district court's conclusion that the cross-reference in U.S.S.G. § 2G1.1(c)(1) applies here.

### CONCLUSION

The cross-reference contained in U.S.S.G. § 2G1.1(c)(1) applies to any defendant who causes a person under the age of 18 to engage in sexually explicit conduct for the purpose, whether primary or secondary, of making a visual depiction of that conduct. Because the district court found, and the record shows, that Defendant had the requisite purpose when he transported Cora across state lines and engaged in sexual conduct with him, the district court correctly applied the cross-reference in this case.

AFFIRMED.

---

7. In the circumstances, we need not decide here whether the rule in *Crandon* is to be the law in the Ninth Circuit.