**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Abraham MARTINEZ–VARGAS,**
**Defendant—Appellant.**

No. 01–10287.

D.C. No. CR–00–00106–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided Feb. 24, 2003.

Before TROTT, RYMER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Abraham Martinez–Vargas appeals the district court's sentence. Martinez–Vargas pleaded guilty to illegally re-entering the United States after deportation, a violation of 8 U.S.C. §§ 1326(a) and (b)(2). At the time of sentencing on the federal charge, Martinez–Vargas was serving a state sentence for violating his state probation on an unrelated charge by illegally re-entering the United States. The district court, relying on United States Sentencing Guidelines § 5G1.3(a), held that it was mandated to impose Martinez–Vargas's federal sentence consecutively to his state sentence.

We review *de novo* the district court's interpretation of the Guidelines. *United States v. Hughes,* 282 F.3d 1228, 1230 (9th Cir.2002). The district court's application of the Guidelines to the facts of a case is reviewed for abuse of discretion. *United States v. Antonakeas,* 255 F.3d 714, 727 (9th Cir.2001).

■ The district court erred when it held that § 5G1.3(a) applies to Martinez–Vargas. Section 5G1.3(a) applies only "If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status)." Martinez–Vargas illegally re-entered the United States while on state probation. Probation does not constitute a "term of imprisonment" under § 5G1.3(a). *See United States v. Bernard,* 48 F.3d 427, 431 (9th Cir.1995). The government conceded in its brief and at oral argument that § 5G1.3(a) does not apply to this case.

■ The government defends the district court's analysis by suggesting that—even though subsection (a) does not apply—the district court has discretion under subsection (c) to issue consecutive or concurrent sentences and argues that the district court properly exercised that discretion here. Assuming that the district court *did* have discretion under subsection (c) to impose Martinez–Vargas's sentence either consecutively or concurrently, then the operative question is whether the district court recognized that it had this discretion. The district court expressly stated that it was *without discretion* and was required to impose the sentence consecutively. Although this statement concerned subsection (a), the district court obviously erred by assuming that it was without discretion.

■ Martinez–Vargas also argues that the district court erred by refusing to apply § 5G1.3(b). That subsection provides for concurrent sentences if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

offense level." The district court never considered this argument, basing its analysis on the incorrect view that § 5G1.3(a) applied to Martinez–Vargas. As such, we remand this case for resentencing and allow the district court a chance to consider whether § 5G1.3(b) applies, and, if it does not, whether the district court should—in its discretion—sentence Martinez–Vargas to consecutive or concurrent terms pursuant to subsection (c).

Finally, Martinez–Vargas offers an *Apprendi*-based argument. Our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000) (as amended), *cert. denied* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), forecloses that argument.

We **VACATE** Martinez–Vargas's sentence and **REMAND** for resentencing.

