UNITED STATES of America,
Plaintiff—Appellee,

v.

Paul H. SCHNEIDER, Defendant—
Appellant.

No. 02–30179.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2003.*

Decided May 29, 2003.

Before: LAY,** WALLACE, and
TALLMAN, Circuit Judges.

MEMORANDUM ***

Paul Schneider appeals his conviction for committing theft of government property, 18 U.S.C. § 641, and Social Security fraud, 42 U.S.C. § 408. Schneider argues that there was insufficient evidence to support the jury's finding of guilt and that the district court erred by denying his motion for acquittal. When a defendant challenges the sufficiency of the evidence, we

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ask whether no rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We apply the same standard in reviewing a district court's denial of a motion for acquittal. *United States v. Tipton*, 56 F.3d 1009, 1012 (9th Cir.1995).

■ A rational trier of fact could very well have concluded that Schneider was guilty of government theft and Social Security fraud. Schneider signed several forms acknowledging that he was obliged to report to the government when he returned to work. As an employee of the Social Security Administration, Schneider received extensive training on the obligations imposed on recipients of disability benefits. Yet, Schneider never voluntarily informed the government of his return to work. Instead, Schneider worked for five years while cashing a disability benefits check each month.

Schneider also argues that the district court erred when it declined to apply a downward departure for acceptance of responsibility pursuant to United States Sentencing Guideline § 3E1.1.

We review *de novo* the district court's interpretation of the Guidelines. *United States v. Hughes*, 282 F.3d 1228, 1230 (9th Cir.2002). Schneider contends that the district court erred by concluding that Schneider was barred from receiving a § 3E1.1 reduction on the sole basis that Schneider went to trial on the issue of whether he possessed the necessary *mens rea*. *See United States v. Cortes*, 299 F.3d 1030, 1038–39 (9th Cir.2002). The district court did not view Schneider's insistence on a trial as a *per se* bar to the acceptance of responsibility reduction. Instead, the district court explicitly recognized that we have rejected such a *per se* rule. The

district court properly interpreted the Guidelines to require an examination of all of Schneider's behavior and contrition.

■ We review for clear error the district court's factual determination that Schneider was not entitled to the § 3E1.1 departure. *United States v. Fisher*, 137 F.3d 1158, 1165 (9th Cir.1998). Given the overwhelming evidence that Schneider was not entitled to the acceptance of responsibility reduction—including Schneider's failure to admit responsibility for letting the government know of his return to work, despite his extensive knowledge of Social Security regulations—the district court did not clearly err.

AFFIRMED. The district court's order admitting Schneider to bail is revoked. Schneider shall report for incarceration as directed by the United States Probation Office.

WALLACE, Senior Circuit Judge, dissenting.

Because I cannot distinguish this case from *United States v. Cortes*, 299 F.3d 1030, 1037–39 (9th Cir.2002), I dissent. I would vacate the sentence and remand for reconsideration of whether Schneider should receive the benefit of Guideline section 3E1.1, see Application Notes 1(a), (c), (d), (e), and (f), and if not, to allow the district court to make a clear statement of reasons as required by *Cortes*.