### UNITED STATES of America, Plaintiff—Appellee,

v.

### Paul H. SCHNEIDER, Defendant— Appellant.

No. 02–30179.

D.C. No. CR–01–00110–MFM.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2003.*

Decided Aug. 1, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before LAY,[**] WALLACE, and TALLMAN, Circuit Judges.

## ORDER

Judges Lay and Wallace have voted to grant the petition for rehearing; Judge Tallman has voted to deny the petition for rehearing. Judge Tallman has voted to deny the petition for rehearing en banc, and Judges Lay and Wallace would so recommend.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for panel rehearing is GRANTED. The petition for rehearing en banc is DENIED. The Memorandum disposition filed on May 29, 2003, is hereby withdrawn. A new Memorandum disposition will be filed simultaneously with this Order.

## MEMORANDUM[***]

Paul Schneider appeals his conviction for committing theft of government property, 18 U.S.C. § 641, and Social Security fraud, 42 U.S.C. § 408. Schneider argues that there was insufficient evidence to support the jury's finding of guilt and that the district court erred by denying his motion for acquittal. When a defendant challenges the sufficiency of the evidence, we ask whether no rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We apply the same standard in reviewing a district court's denial of a motion for acquittal. *United States v. Tipton*, 56 F.3d 1009, 1012 (9th Cir.1995).

A rational trier of fact could very well have concluded that Schneider was guilty of government theft and Social Security fraud. Schneider signed several forms acknowledging that he was obliged to report to the government when he returned to work. As an employee of the Social Security Administration, Schneider received extensive training on the obligations imposed on recipients of disability benefits. Yet, Schneider never voluntarily informed the government of his return to work. Instead, Schneider worked for five years while cashing a disability benefits check each month. We affirm Schneider's conviction.

Schneider also argues that the district court erred when it declined to apply a downward adjustment for acceptance of responsibility pursuant to United States Sentencing Guideline § 3E1.1. We review *de novo* the district court's interpretation of the Guidelines. *United States v. Hughes*, 282 F.3d 1228, 1230 (9th Cir. 2002). We agree with Schneider, vacate his sentence, and remand for resentencing. The record fails to make clear whether the district court recognized that Schneider's insistence on contesting his factual guilt at trial could not act as a *per se* bar to receiving the § 3E1.1 adjustment. *See United States v. Cortes*, 299 F.3d 1030, 1038–39 (9th Cir.2002).

We AFFIRM Schneider's conviction, VACATE his sentence, and REMAND for resentencing.

---

[**] Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.