**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3210
_____

UNITED STATES OF AMERICA

v.

LEOCADIO VALLARTA ISIP, JR.,
Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. No.: 1-19-cr-00064-001)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2023
_____

Before: SHWARTZ, RESTREPO, and CHUNG, *Circuit Judges*

(Filed: September 5, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

This appeal considers whether the District Court appropriately applied the cross-reference at U.S.S.G. § 2G2.2(c)(1) to Appellant's sentence for his role in producing—as opposed to receiving or possessing—child pornography. It did, and we will affirm.

## I.[1]

Appellant Leocadio Isip was indicted by a federal grand jury for, *inter alia*, receipt of child pornography stemming from his illicit relationship with a minor. Isip started an online relationship with the then 15-year-old victim in April of 2014, and later traveled to the Philippines intending to marry her. Isip was denied a marriage license due to the victim's age and he returned to his home in Delaware a month later. Conversations between Isip and the victim continued via Facebook messenger for at least 21 months, during which time Isip repeatedly requested and received images and videos of the victim in erotic poses or engaging in sexual conduct. Isip's communications with the victim ceased when he learned that she was in a new relationship. In retaliation, Isip publicly leaked explicit images of her on the internet, including repeatedly posting links to the images and videos on her Facebook page.

Isip pled guilty to one count of receipt and attempted receipt of child pornography under 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256(2)(A). Over Isip's objection, the District Court applied the cross-reference at § 2G2.2(c)(1), which elevates the base offense level charge and sentencing range for offenses like receiving or possessing child

---

[1] We presume the parties' familiarity with the case and set out only the facts needed for the discussion below.

2

pornography where the defendant also had a role in producing the material.[2] This increased Isip's base offense level by 14 points, and his sentencing range from 70–87 months to 235–240 months. The Court nonetheless varied downward and imposed a 120-month sentence followed by a five-year term of supervised release. Isip timely appealed, arguing (1) that the District Court erred in applying the cross-reference and (2) that the Sentencing Guidelines for child pornography, like those applied here, generally yield unreasonable sentences.

## II.[3]

We review the District Court's interpretation of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Aquino*, 555 F.3d 124, 127 (3d Cir. 2009).[4] We review the sentence imposed for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 564–66 (3d Cir. 2009).

## III.

Isip raises two related arguments against the application of the cross-reference, as well as a broad policy challenge to the child pornography Sentencing Guidelines

---

[2] The cross-reference instructs courts to look to U.S.S.G. § 2G2.1(c)(1), which carries a base level charge of 32 instead of 18, "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction [or] transmitting a live visual depiction of such conduct." U.S.S.G. § 2G2.2(c)(1).

[3] The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[4] We reject the Government's contention that Isip waived his specific challenges to application of § 2G2.2(c)(1) by failing to raise them at sentencing, and that we should apply plain error review. The transcript of the sentencing hearing is clear that Isip adequately preserved these arguments.

generally.  The District Court properly considered and handled each of these arguments, and we will affirm Isip's sentence.

## A.  The cross-reference at § 2G2.2(c)(1) was properly applied to Isip's sentence.

Isip's challenge to the application of the cross-reference at § 2G2.2(c)(1) is twofold:  first, he argues that the District Court failed to examine whether he acted with the purpose of causing the production of child pornographic material before applying the cross-reference, and that its conclusion as to Isip's purpose was therefore in error.  Alternatively, Isip avers that even if one of his purposes was to produce child pornography, it was not his primary purpose, and the cross-reference is therefore inapplicable.  Neither argument is persuasive.

### a.  The District Court adequately considered Isip's purpose and did not erroneously conclude that he sought to produce child pornography.

If a defendant pleads guilty to 18 U.S.C. § 2252(a)(2), as Isip did here, the Sentencing Guidelines point to U.S.S.G. § 2G2.2.[5]  Isip does not dispute the application of § 2G2.2, but argues that the District Court erred in applying the cross-reference at U.S.S.G. § 2G2.2(c).  The cross-reference was meant to address "offenses more appropriately treated under section 2G2.1," a separate guideline relating to *production* of

---

[5]  18 U.S.C. § 2252(a)(2) applies to persons who "knowingly receive[], or distribute[], any visual depiction . . . that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains [such] materials . . . by any means," as well as those who "knowingly reproduce[] any visual depiction for distribution using any means or facility of interstate or foreign commerce . . . or through the mails," where "the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct."  18 U.S.C. § 2252(a)(2).

4

sexually explicit material. U.S.S.G., 55 Fed. Reg. 19188, 19199 (1990). It increases the base level charge where, as opposed to non-production offenses like receiving or possessing child exploitative material, a defendant caused "a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of" such conduct. U.S.S.G. § 2G2.2(c)(1).

When determining whether § 2G2.2(c)(1) applies, courts "must consider all relevant conduct," including "the defendant's state of mind[,] to ensure that [they] acted 'for the purpose of producing a visual depiction of [sexually explicit] conduct.'" *United States v. Crandon*, 173 F.3d 122, 130 (3d Cir. 1999) (quoting § 2G2.2(c)(1)).[6] To illustrate, in *United States v. Crandon*, this Court rejected the district court's finding that explicit photos taken by the defendant *a fortiori* evinced a purpose of producing child pornography and its application of the cross-reference with no further inquiry. *Id*. at 129–30. We held that the defendant "at least deserve[d] to be heard" on his purported purpose in taking the photographs before the cross-reference applied. *Id*. at 129.

---

[6] This is to avoid imposing a form of strict liability on defendants, *Crandon,* 173 F.3d at 129, as there are situations where a defendant could intentionally cause production of a pornographic image of a child without acting with the purpose of creating child pornography. *Compare United States v. Veazey*, 491 F.3d 700, 708–10 (7th Cir. 2007) (applying parallel cross-reference under § 2G2.1 where defendant's collective conduct— requesting nude images, suggesting victims record sexual encounters, and providing cameras—indicated purpose of production) *with United States v. Palomino-Coronado*, 805 F.3d 127, 132 (4th Cir. 2015) (finding defendant did not act for "purpose of production" under related provision because record showed only one sexually explicit photo among many non-sexual images).

5

Isip first argues that, as in *Crandon*, the District Court erred by failing to consider whether he acted with the purpose of producing child pornographic images before applying the cross-reference. We disagree. At the sentencing hearing, the Court considered Isip's assertion that he "truly believed that [the victim] was going to be his wife . . . in his mind, he wasn't being a child pornographer . . . [h]e was talking to his fiancée." App. at 54–55. However, while the Court may have been required to entertain it, Isip's self-characterization is still not alone determinative. *Crandon*, 173 F.3d at 129–30. The question is whether, considering all relevant conduct, Isip's purpose was to produce a visual depiction of a minor engaging in sexually explicit conduct. Isip's repeated requests for such material reflect that he wanted the minor victim to provide him with visual depictions of such explicit conduct. The Court considered Isip's specific and often coercive[7] requests of the victim and concluded that Isip was "asking for pictures and or videos . . . of the victim performing sexual acts or sexually explicit conduct" and that these requests were "for the purpose of production." *Id*. at 60–61. The District Court's ultimate finding that Isip acted with the purpose of producing the images at issue adequately considered both his assertion that he had no such purpose and record evidence to the contrary, and was not clearly erroneous.

### b. Isip's contention that his "primary purpose" in creating the images was not to cause production of child pornography is irrelevant.

---

[7] For example, when the victim did not immediately respond to one of Isip's explicit requests for photos of her genitalia, he repeatedly questioned her feelings for him, and eventually exclaimed "[y]ou can't follow my orders!" App. at 57.

6

Alternatively, Isip argues that even if he did intend to produce a visual depiction of sexually explicit conduct, his *primary* purpose in causing production of the images was to memorialize his relationship with the victim, and therefore the cross-reference is inapplicable. This is irrelevant as a matter of law. Our Sister Circuits have held that the cross-reference at § 2G2.2(c)(1) and certain of its equivalents were drafted to apply even where an offender has multiple purposes. *See, e.g.*, *United States v. Veazey*, 491 F.3d 700, 705–07 (7th Cir. 2007); *see also United States v. Hughes*, 282 F.3d 1228, 1231–32 (9th Cir. 2002) (applying parallel cross-reference from §2G1.1(c)(1) and concluding that courts "need ascertain only whether *one* of the defendant's purposes was to create a visual depiction").[8] We likewise conclude that § 2G2.2(c)(1) applies where at least one of a defendant's multiple purposes was to produce visual depictions of sexually explicit conduct. Because Isip intended to produce such depictions, we will affirm the District Court's application of § 2G2.2(c)(1).

## B. The District Court did not abuse its discretion in imposing its sentence in reliance on the Sentencing Guidelines.

Isip also suggests that the District Court imposed a substantively unreasonable sentence because the child pornography Sentencing Guidelines violate public policy. A sentencing court abuses its discretion by imposing an unreasonable sentence only if "no reasonable [] court would have imposed the same sentence on that particular defendant for the reasons [] provided." *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010)

---

[8] This interpretation is consistent with the instruction in § 2G2.2 that the cross-reference be construed "broadly," though we do not rely on this comment in so concluding. *See* U.S.S.G. § 2G2.2(c)(1), cmt. n. 7.

(citing *Tomko*, 562 F.3d at 568). We will affirm the District Court's sentence "[a]s long as [it] falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

Sentencing courts may depart from a guideline sentence for policy reasons, *United States v. Grober*, 624 F.3d 592, 601, 611 (3d Cir. 2010), but the guidelines "should be the starting point and the initial benchmark" in sentencing proceedings, *Gall v. United States*, 552 U.S. 38, 49 (2007). Moreover, sentences within the guideline range are presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 341, 346–47 (2007); *see also United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014).

Here, Isip's sentence not only fell within the applicable guideline range, but below it. The Court weighed the § 3553(a) sentencing factors, acknowledged Isip's policy concerns, and varied downward from the recommended range. It was not obligated to accede to Isip's policy arguments[9] and the 120-month sentence it imposed was not an abuse of discretion. *Rita*, 551 U.S. at 351.[10]

---

[9] This Court has previously addressed concerns about § 2G2.2 involving sentencing disparities caused by enhancements. *Grober*, 624 F.3d at 596–98 (acknowledging discussion among district court and academic commentators that Sentencing Guidelines like § 2G2.2 are "flawed" and "not based on empirical data"). However, we ultimately concluded that § 2G2.2's enhancements will not always yield an unreasonable sentence, and "if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis." *Id*. at 609.

[10] While this appeal was pending, Isip filed a pro se "Motion to Dismiss Counsel for Ineffective Assistance of Counsel." July 21, 2023, ECF No. 43. We first note that Isip's

**IV.**

For the foregoing reasons, we will affirm the judgment of the District Court.

---

contention that he never consented to be represented by Mr. Caglia as his counsel is false. Further, to the extent Isip's pro se motion raises an ineffective assistance of counsel claim, such a claim is better brought by means of a post-conviction collateral challenge rather than on direct appeal, *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003), and we deny the relief sought.