**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco RODRIGUEZ–MARTINEZ,**
**Defendant–Appellant.**

Nos. 91–10220, 93–15232.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1993.

Decided June 1, 1994.

Stanton Bloom and Jeffrey D. Bartolino, Tucson, AZ, for defendant-appellant.

Charles L. Jenkins and Robert L. Miskell, Asst. U.S. Attys., Tucson, AZ, for plaintiff-appellee.

Before: BOOCHEVER, THOMPSON, and O'SCANNLAIN, Circuit Judges.

Opinion by Judge O'SCANNLAIN.

O'SCANNLAIN, Circuit Judge:

We consider the conditions under which a court may depart upward from a statutorily-imposed mandatory minimum sentence.

I

Francisco Rodriguez–Martinez ("Rodriguez") was convicted of possession with intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(ii)(II). He appeals his sentence, contending that the court improperly departed upward under the United States Sentencing Guidelines.[1]

■ The district court determined that Rodriguez had a base offense level of 26, which it adjusted by a two-point reduction for acceptance of responsibility to level 24. This adjusted offense level, in conjunction with his criminal history level of III, generated a sentencing range of 63 to 78 months. However, because Rodriguez's offense carried a statutory minimum 10–year sentence, 21 U.S.C. § 841(b)(1)(B)(ii),[2] 120 months became the Guidelines sentence. United States Sentencing Commission, *Guidelines Manual* § 5G1.1(b) (Nov. 1992); *United States v. Williams*, 939 F.2d 721, 726 (9th Cir.1991). Nevertheless, the court sentenced Rodriguez to 136 months, stating that a sentence above the statutory minimum was warranted because Rodriguez (1) had a "recidivist nature" and (2) had committed his crime while on

pretrial release, circumstances that the court believed were not adequately reflected in the statutory minimum sentence. The court's decision to impose a sentence above the mandatory minimum is considered a departure under the Guidelines. U.S.S.G. § 5G1.1 comment.; *Williams*, 939 F.2d at 726 n. 7. Rodriguez challenges this 16–month increase beyond the mandatory minimum.

II

■ A district court has the authority to depart upward where "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3, p.s. In determining whether a criminal history category does not reflect these characteristics, the sentencing judge must identify aggravating circumstances concerning the defendant that were "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Id.* at § 5K2.0, p.s.

Next, the judge must analogize such aggravating circumstances "to the criminal history category in the Sentencing Guidelines in which the defendant's 'true history' places him, stating its reasons for the analogy." *United States v. Ward*, 914 F.2d 1340, 1348 (9th Cir.1990); *United States v. Lira–Barraza*, 941 F.2d 745, 750–51 n. 13 (9th Cir.1991) (en banc). "Ordinarily, the [district] court should determine whether a defendant's actual criminal history most closely resembles the next highest criminal history category before concluding that the defendant's record is so severe that comparison to a higher category is warranted." *United States v. Starr*, 971 F.2d 357, 363 (9th Cir.1992); *United States v. Richison*, 901 F.2d 778 (9th Cir.1990). In some cases, a district court can make these determinations implicitly. *Id.*

---

**1.** Rodriguez also appeals his conviction and denial of his motion under 18 U.S.C. § 2255. We decide those issues separately in the memorandum disposition filed concurrently with this opinion.

**2.** Rodriguez's offense carried a 120–month, rather than 60–month, minimum sentence because Rodriguez had a prior drug conviction.

Rodriguez contends that the district court did not comply with this procedure in departing upwards from his 120–month mandatory minimum sentence. He asserts that, rather than compare his aggravating circumstances first to criminal history category IV and then to category V, the district court jumped immediately beyond even criminal history category VI, presumably because any lesser criminal history category would have produced a sentence below the statutory minimum. Rodriguez argues that this short-circuiting of the departure procedure, performed solely in order to obtain a sentence above the statutory minimum, was error.

This case is troublesome because the district court did not expressly compare Rodriguez's aggravating circumstances to any criminal history category before departing upward. Nevertheless, the government argues that the district court did not skip criminal history categories but, rather, placed Rodriguez in the next criminal history category, category IV, after having impliedly first increased his offense level to 28. The government acknowledges that at offense level 24, even an increase in criminal history to category IV would have limited the district court to a range of 77–96 months, well below both the statutory minimum and the 136–month actual sentence. The government justifies increasing the offense level to 28 because, when combined with Rodriguez's original criminal history category III, it produces a sentencing range of 97–121 months, a range that accommodates the 120–month statutory minimum. It follows, according to the government, that because offense level 28, when combined with criminal history category IV, creates a range of 110–137 months, the district court's selection of 136 months was proper.

The government's theory is untenable. Its proposed method for "merging" mandatory minimum sentences into the Sentencing Guidelines is defective because the selection of an "increased" offense level is ad hoc. The essence of the government's proposal is that a defendant's offense level will vary according to (1) his or her criminal history category and (2) an applicable mandatory minimum sentence, serving solely to make those two values "fit."

More fundamentally, the government misconceives a statutory minimum sentence as a substitute for a defendant's offense level for the purpose of reaching a sentencing range. The Guidelines contemplate no such function. A sentencing range is based upon a defendant's offense level and criminal history category. U.S.S.G. § 1B1.1. Each of these two components are, in turn, based on a carefully defined set of factors that are independent of applicable mandatory minimum sentences. *See id.* Ch. 2, 3. A minimum sentence is imposed only *after* the guideline range is established, essentially replacing any range that falls below it. *Id.* at §§ 1B1.1, 5G1.1(b). Under this scheme, a mandatory minimum sentence operates more as a trump of the Guidelines range rather than as an internal part of the Guidelines themselves. *See United States v. Beltran–Felix,* 934 F.2d 1075, 1077 (9th Cir.1991) (where mandatory sentence applies, sentence "not governed by the guidelines"), *cert. denied,* —— U.S. ——, 112 S.Ct. 955, 117 L.Ed.2d 123 (1992); U.S.S.G. § 1A4(g) (distinguishing between effects caused by guidelines and by external mandatory minimum sentences). Consequently, we cannot accept the government's proposed justification of the district court's departure.

### III

We are conscious that this conclusion conflicts with the view of the Fifth Circuit. In *United States v. Carpenter,* 963 F.2d 736 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 355, 121 L.Ed.2d 269 (1992), which the government did not cite, the defendant had an offense level of 14, a criminal history category of V, and a resulting Guidelines range of 33–41 months. The defendant, however, was subject to a 180–month statutory minimum sentence. The district court wished to depart upward to impose a 230–month sentence. Because a shift from criminal history category V to VI, combined with the original offense level of 14, would have produced a sentencing range beneath the statutory minimum, the district court increased the defendant's offense level to 32 to enable it to impose the higher sentence. *Id.* at 745.

The Fifth Circuit upheld the departure as reasonable. While refraining from ratifying the district court's methodology for departing, it conceded that it knew of no authority either condoning or condemning it. *Id.* Although it is unclear, the Fifth Circuit seems to have relied on *Carpenter* to permit departures from mandatory minimum sentences, thus arguably establishing a Fifth Circuit rule in favor of departure under the method established in that case. *United States v. Doucette,* 979 F.2d 1042 (5th Cir.1992).

We see nothing in either *Carpenter* or any subsequent case that persuades us to adopt the scheme proposed by the government. To the extent, then, that *Carpenter* supports the government's position, we expressly decline to follow it. Under our view, the existence of a mandatory minimum sentence does not alter the manner in which a district court determines the appropriate extent of a departure: a court must determine a defendant's offense level and appropriate criminal history category, including departures from the recommended criminal history category, just as it would in an ordinary case. If the resulting sentencing range is under the statutory minimum, the district court must give the mandatory minimum sentence; if the sentencing range includes the statutory minimum, the district court may impose a sentence above the mandatory minimum to the highest value within that range.

▮ Because the district court did not follow the appropriate procedure for departing upward from the statutory minimum, we must vacate the sentence and remand for resentencing.[3]

VACATED and REMANDED for resentencing.

---

**3.** Rodriguez also challenges the district court's departure to the extent that it relied upon the "recidivist nature" of his criminal past. We agree with Rodriguez and conclude that the district court improperly relied on this "characteristic" to depart. A sentencing court must provide specific reasons justifying an upward departure, and a defendant's "recidivism" is not sufficiently specific. *United States v. Carrillo–Alvarez,* 3 F.3d 316, 324 (9th Cir.1993); *United States v. Michel,* 876 F.2d 784, 786 (9th Cir.1989). Further, the record is unclear as to whether the sentencing court considered a 1974 narcotics conviction to be evidence of Rodriguez's recidivist nature. To the extent that the court did, it double counted the conviction by also using the conviction to increase Rodriguez's mandatory minimum sentence.