**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vince A. AULD, Defendant–Appellant.**

**No. 01–10669.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.\*

Filed March 3, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Donna M. Gray, Office of the Federal Public Defender, Honolulu, Hawaii, for the appellant.

Tracy A. Hino, Office of the United States Attorney, Honolulu, Hawaii, for the appellee.

Before BRIGHT,** HAWKINS and W. FLETCHER, Circuit Judges.

## OPINION

WILLIAM A. FLETCHER, Circuit Judge:

The defendant-appellant in this case is subject to a statutorily required minimum sentence that exceeds the otherwise applicable guideline sentence. The question presented, one of first impression in this circuit, is whether a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 should begin from the higher statutorily required minimum sentence, or from the lower otherwise applicable guideline sentence. We hold that the appropriate departure point is the statutorily required minimum sentence.

### I. Background

In September 2000, officers of the Honolulu Police Department, working in conjunction with agents from the FBI, began an undercover investigation into the drug distribution activities of defendant-appellant Vince A. Auld. Their efforts led to Auld's arrest and indictment a little over a month later. The indict-

***

** The Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

ment charged Auld with three separate violations of 21 U.S.C. § 841. Count I charged Auld with knowingly and intentionally possessing with intent to distribute and distributing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count II charged Auld with knowingly and intentionally possessing with intent to distribute and distributing five grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and Count III charged Auld with knowingly and intentionally possessing with intent to distribute fifty grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

This was not Auld's first encounter with the law. He had previously been convicted in Hawaii state court in 1986 for "Promoting a Dangerous Drug in the Second Degree." Based on this prior conviction, the government filed a Special Information pursuant to 21 U.S.C. §§ 841(b)(1) and 851 shortly after the indictment, advising Auld and the district court that, because Auld had a prior felony drug conviction, enhanced statutory penalties would apply at his sentencing. The Special Information had the effect of doubling the mandatory minimum sentences in Counts II and III from five and ten years, respectively, to ten years and twenty years, respectively. Auld pled guilty to all counts in the indictment without the benefit of a plea agreement. He also continued his ongoing efforts to cooperate with authorities.

Auld's cooperation paid off for the government. It led to the arrest and indictment of approximately a half-dozen people and the seizure of a substantial quantity of methamphetamine, over 30 firearms, and $50,000. The government rewarded Auld by filing a motion in the district court, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, requesting a downward departure from his sentence. The motion was made before Auld was sentenced, but after Auld's presentence investigation report had been adopted by the district court without objection. That report placed Auld at an adjusted offense level of 29 and in criminal history category IV, with a resulting guideline sentence range of 121 to 151 months. The report indicated, however, that in accordance with the Special Information, Auld was subject to a statutorily required minimum term of imprisonment of 20 years (240 months). *See* 21 U.S.C. § 841(b)(1)(A).

In its departure motion, the government asked that the court depart five years from the twenty-year mandatory minimum, leading to a total sentence of fifteen years (180 months). Auld, however, contended that the guideline sentencing range established by his offense level and criminal history score (121 to 151 months) should be used as the starting point for the departure, rather than the statutorily required minimum term of twenty years. The district court adopted the government's position over Auld's objection and sentenced him to fifteen years imprisonment. Auld timely appealed.

We review a district court's interpretation of a statute de novo. *See United States v. Hunter*, 101 F.3d 82, 84(9th Cir. 1996). We also review a district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Hughes*, 282 F.3d 1228, 1230 (9th Cir.2002).

## II. Discussion

### A. Point of Departure

Auld argues that we should read 18 U.S.C. § 3553(e) as instructing the district court to disregard the statutorily required minimum sentence and to look instead to the otherwise applicable guideline sentence

when imposing a reduced sentence for substantial assistance.[1] Auld contends that by imposing a sentence of 180 months—29 months longer than the maximum guideline sentence—the district court improperly ignored the guideline applicable to his actual offense conduct and criminal history category and, in effect, departed *upward* rather than *downward.* He relies on the last sentence of § 3553(e), which provides that the departure sentence "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code." [2] Auld contends that this language instructs the district court to begin its § 3553(e) departure from the otherwise applicable guideline sentence rather than from the statutorily required minimum; or, he argues, it at least instructs the court to impose a sentence that falls within the guideline range.

Auld's position is foreclosed by the reasoning, if not the direct holding, of *Melen-*

*dez v. United States,* 518 U.S. 120, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996). The Supreme Court explained in *Melendez* that the last sentence of § 3553(e) merely "charge[s] the Commission with constraining the district court's discretion in choosing a specific sentence after the Government moves for a departure below the statutory minimum." *Id.* at 129, 116 S.Ct. 2057. The Commission satisfied this statutory charge by promulgating U.S.S.G. § 5K1.1(a),[3] which provides factors that "guide the district court when it selects a sentence below the statutory minimum, as well as when it selects a sentence below the Guidelines range." *Id.* Contrary to Auld's contention, § 3553(e) does not mandate any particular departure point or require that the ultimate sentence imposed fall within the otherwise applicable guideline range. *See, e.g., United States v. Pillow,* 191 F.3d 403, 407 (4th Cir.1999) ("That the resulting 'sentence' [after a § 3553(e) departure] must be imposed in

1. Section 3553(e) grants the district court authority, upon government motion, to depart below a statutory minimum in order to reward a defendant's substantial assistance:

   Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

2. Section 994(n) charges the Sentencing Commission with "assur[ing] that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

3. U.S.S.G. § 5K1.1 provides:

   Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

   (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

   (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

   (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

   (3) the nature and extent of the defendant's assistance;

   (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; (5) the timeliness of the defendant's assistance.

accordance with the Sentencing Guidelines and policy statements ... simply means that the district court's discretion in choosing a sentence after the Government moves to depart below the statutorily required minimum sentence is constrained by the Sentencing Guidelines and policy statements. Specifically, the district court should use the factors listed in § 5K1.1(a)(1)-(5) as its guide when it selects a sentence below the statutorily required minimum sentence.").

■ While § 3553(e) does not explicitly state where the departure should begin, its clear implication is that the court should depart from the sentence that would have been imposed had the departure motion not been made. *See United States v. Li*, 206 F.3d 78, 89 (1st Cir.2000) ("[T]he proper starting point from which a departure is to be subtracted or to which it must be added is the greater of the guideline range or the mandatory minimum."). Each of our sister circuits to consider this question has arrived at the same answer we reach today. *See United States v. Stewart*, 306 F.3d 295, 331–32 (6th Cir.2002) (holding that where the statutory minimum exceeds the guideline sentence, a § 3553(e) departure begins at the statutory minimum); *United States v. Cordero*, 313 F.3d 161, 166 (3d Cir.2002) (same); *United States v. Head*, 178 F.3d 1205, 1206 (11th Cir.1999) (same); *United States v. Pillow*, 191 F.3d 403, 407 (4th Cir.1999) (same); *United States v. Hayes*, 5 F.3d 292, 295 (7th Cir. 1993) (same).

Had Congress envisioned, as Auld contends, that a § 3553(e) motion would render the statutory minimum inoperative as a departure point, to be replaced by the otherwise applicable guideline sentence, we would expect that the text of § 3553(e) would incorporate language like that found in 18 U.S.C. § 3553(f), the so-called "safety valve" provision. Section 3553(f) provides that if its criteria are met, "the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ... *without regard to any statutory minimum sentence*." 18 U.S.C. § 3553(f) (emphasis added). By contrast, subsection (e) grants courts "[l]imited authority to impose a sentence *below a statutory minimum*." 18 U.S.C. § 3553(e) (emphasis added). It nowhere states that this sentence shall be imposed "without regard to any statutory minimum sentence." *See also United States v. Ahlers*, 305 F.3d 54, 59 (1st Cir.2002) ("Unlike section 3553(f)—under which the mandatory minimum is to be *disregarded* once certain conditions are met—section 3553(e) retains the mandatory minimum as a reference point for a specific, carefully circumscribed type of departure. The sharp divergence between these regimes leads inexorably to the conclusion that Congress had different plans in mind for the operation and effect of the two provisions.") (footnote and citation omitted) (emphasis in original).

Auld relies on the term "waived" in Application Note 7 to U.S.S.G. § 2D1.1 in support of his reading of § 3553(e).[4] Note

---

4. Note 7 to U.S.S.G. § 2D1.1 states:

Where a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be "waived" and a lower sentence imposed (including a sentence below the applicable guideline range), as provided in 28 U.S.C. § 994(n), by reason of a defendant's "substantial assistance in the investigation or prosecution of another per-

son who has committed an offense." *See* § 5K1.1. (Substantial Assistance to Authorities). In addition, 18 U.S.C. § 3553(f) provides an exception to the applicability of mandatory minimum sentences in certain cases. *See* § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases).

7 explains that where a mandatory minimum sentence applies, "this mandatory minimum sentence may be 'waived' and a lower sentence imposed (including a sentence below the applicable guideline range), as provided in 28 U.S.C. § 994(n), by reason of a defendant's 'substantial assistance in the investigation or prosecution of another person who has committed an offense.'" Auld contends that once a mandatory minimum sentence is "waived," the mandatory minimum disappears entirely, leaving only the otherwise applicable guideline range. In the context of the Note as a whole, however, "waived" means only that the mandatory nature of the statutory minimum is dispensed with, thus permitting the imposition of a sentence below that minimum. It does not mean that the statutory minimum is not to be used as the point from which a downward departure begins. In the very next sentence, the Note states that "[i]n addition, 18 U.S.C. § 3553(f) provides *an exception to the applicability of mandatory minimum sentences* in certain cases." (Emphasis added.) The difference in phraseology clearly reflects the Commission's understanding of the different functions of § 3553(e) and § 3553(f). While subsection (f) "provides an exception" to the applicability of a mandatory minimum, subsection (e) merely allows a departure that results in a "lower sentence" than the mandatory minimum. *See Ahlers*, 305 F.3d at 59; *see also United States v. Rabins*, 63 F.3d 721, 727 (8th Cir.1995) (holding that a § 3553(e) departure does not render the mandatory minimum inapplicable to the defendant so that other guideline departures become available).

Common sense also supports this reading of the statute. *See Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1157 (9th Cir.2001) ("If alternative readings [of a statute] are possible, we determine whether one construction makes more sense than the other as a means of attributing a rational purpose to Congress.") (internal quotation marks omitted). Consider two defendants, both convicted of the same crime. Both defendants fall within the same guideline range; the second defendant, however, has a prior felony that triggers a mandatory minimum sentence that exceeds the otherwise applicable guideline sentence. Both defendants provide equal assistance to the government. Based on this assistance, the government moves on behalf of both defendants for a two-year downward departure. The first defendant's downward departure obviously begins at his guideline sentence. Where does the second defendant's downward departure begin? It would be anomalous for it also to begin at the otherwise applicable guideline sentence, rather than the higher mandatory minimum. That would mean that both defendants might very well end up with the same sentence, although both defendants are not similarly situated. The second defendant has a prior felony warranting imposition of a mandatory minimum sentence; the first defendant does not.

In *Melendez*, the defendant was in the reverse position of the defendant in this case, for he was subject to a guideline sentence that exceeded his mandatory minimum sentence. The Court held that a motion under § 5K1.1 permitted departure from the guideline sentence, but that the departure could not extend below the mandatory minimum absent an additional motion by the government under § 3553(e). By analogy, one could argue that when a defendant is subject to a mandatory minimum sentence that exceeds the guideline sentence, a motion under § 3553(e) permits departure from the mandatory minimum, but not below the guideline sentence unless there is an additional motion by the

government under § 5K1.1. We need not decide that question here, however. In this case, the government invoked both § 3553(e) and § 5K1.1. The district court therefore clearly had the authority to depart below the guideline sentence, and could have done so if it had deemed such a departure warranted. The initial point of the departure was, however, the mandatory minimum, just as the initial point of departure would have been the guideline sentence if Auld, like Melendez, had been subject to a guideline sentence that exceeded his mandatory minimum. *See Li,* 206 F.3d at 89. In both situations, the district court would depart from the sentence that would otherwise have been imposed. *See* 28 U.S.C. § 994(n) (the Commission "shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence *than would otherwise be imposed* ... to take into account a defendant's substantial assistance" (emphasis added)).

■ There is no indication in the record of this case that the district judge felt, as a matter of law, powerless to depart below the minimum guideline range. Indeed, the attorney for the government specifically stated at Auld's sentencing hearing that "even though I am moving to depart just five years, as soon as the government moves to depart, it's certainly within the court's discretion to go anywhere at that point." Rather, it is apparent that the district judge simply agreed with the government's recommendation of a five-year departure. *See* U.S.S.G. § 5K1.1(a)(1)(directing sentencing court to take "into consideration the government's evaluation of the assistance rendered" by the defendant). The acceptance of the government's recommendation fell within the district court's discretion. *See United States v. Vizcarra–Angulo,* 904 F.2d 22, 23 (9th Cir.1990) ("[W]e may not review a defen-

dant's appeal from the district court's discretion in fixing the extent of a downward departure.").

### B. Extent of Departure

■ Auld also argues that in determining the extent of the departure, § 3553(e) requires the sentencing court to take into account his actual offense conduct and criminal history category. Ignoring these two factors, Auld contends, "results in a complete disregard of the guidelines themselves and is contrary to the requirements of 18 U.S.C. § 3553(e)." While it is true that the two factors are relevant to the determination of a guideline sentence, a district court's failure to take them into account when considering a § 3553(e) motion neither results in a "complete disregard of the guidelines" nor offends the requirements of § 3553(e).

■ The guidelines themselves provide a list of factors, unrelated to offense conduct and criminal history, that a district court should consider in fixing a substantial assistance departure. *See* U.S.S.G. § 5K1.1(a)(1)-(5). It is the consideration of these factors that § 3553(e) requires. *See Melendez,* 518 U.S. at 129, 116 S.Ct. 2057. The § 5K1.1(a) list is nonexhaustive, and a district court may consider other factors bearing on the quality of the assistance provided. The district court may not, however, consider factors unrelated to the defendant's assistance. *See United States v. Valente,* 961 F.2d 133, 135 (9th Cir.1992); *Ahlers,* 305 F.3d at 60; *Rabins,* 63 F.3d at 727; *United States v. Campbell,* 995 F.2d 173, 175 (10th Cir. 1993); *United States v. Thomas,* 11 F.3d 732, 737 (7th Cir.1993); *United States v. Snelling,* 961 F.2d 93, 97 (6th Cir.1991).

### C. *Apprendi v. New Jersey*

■ Finally, we reject Auld's alternative argument that *Apprendi v. New Jersey,*

530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders 21 U.S.C. § 841 facially unconstitutional. *See United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc), *as amended by* 289 F.3d 558 (9th Cir.2002). *See also United States v. Hernandez,* 314 F.3d 430, 437–38 (9th Cir. 2002) (reaffirming *Buckland* ).

For the foregoing reasons, we AFFIRM the district court's decision in its entirety.