**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Crystal PAGE, Defendant–Appellant.**

No. 05–50687.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Feb. 20, 2007.

Becky S. Walker, Esq., Cheryl O'Connor Murphy, Esq., Douglas E. Miller, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

Verna J. Wefald, Esq., Attorney at Law, Pasadena, CA, for Defendant-Appellant.

Before: FISHER, CALLAHAN, Circuit Judges, and COLLINS, District Judge.*

MEMORANDUM **

Crystal Page appeals the 120–month sentence imposed after she pled guilty to two counts of armed bank robbery under 18 U.S.C. § 2113 and one count of brandishing a firearm during a bank robbery under 18 U.S.C. § 924(c). For her convictions under § 2113, Page's total offense level was 31. As noted in the plea agreement, Page's conviction under § 924(c) carried with it a seven year statutory minimum sentence to run consecutively with the term imposed for her § 2113 convictions.

The government filed a substantial assistance departure motion under U.S.S.G. § 5K1.1 to reduce Page's Guidelines-recommended sentence but did not file a motion under § 3553(e) to go below the mandatory minimum sentence required by § 924(c). Based on the government's § 5K1.1 motion, the district court reduced Page's offense level to 23, resulting in a Guidelines range of 46 to 57 months. The court added this range to the seven year (84 months) mandatory minimum required by § 924(c) and thus concluded that Page was subject to a sentence between 131 and 142 months. Taking into consideration the 18 U.S.C. § 3553(a) sentencing factors, the court imposed a sentence of 120 months: 36 months for the § 2113 counts plus 84 months to run consecutively under § 924(c).

Page asserts that the district court erred by first departing downward and then adding the minimum consecutive sentence required by § 924(c). We review

---

\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court's interpretation of the statute and guidelines *de novo*.

Page argues that under *United States v. Auld*, 321 F.3d 861 (9th Cir.2003), the district court should have added the mandatory sentence for the § 924(c) count to the sentence imposed for the § 2113 counts, matched the combined sentences to an offense level, and *then* made its downward departure under § 5K1.1 from that newly calculated offense level.

Page's reliance on *Auld* is misplaced. She points to language in *Auld* suggesting that the "appropriate departure point" is always the "statutorily required minimum sentence." *Auld*, 321 F.3d at 862. In *Auld*, however, we conditioned our decision to depart from the higher minimum sentence on government's invocation of "*both* § 3553(e) and § 5K1.1." *Id.* at 867 (emphasis added). Our conclusion "that the court should depart from the sentence that would have been imposed had the motion [to depart downward] not been made" was drawn from a "clear implication" to that effect in § 3553, not in § 5K1.1, the only provision under which the government made a motion to depart downward in this case. *Id.* at 865.

Moreover, Page's proposed methodology for merging the Guidelines-recommended sentence for her § 2113 convictions and the statutory minimum sentence for her § 924(c) conviction to arrive at a new offense level is foreclosed by *United States v. Rodriguez-Martinez*, 25 F.3d 797 (9th Cir.1994). *See id.* at 799 (disapproving a "proposed method for 'merging' mandatory minimum sentences into the Sentencing Guidelines" to arrive at an increased offense level because such a methodology was "ad hoc" and "misconceive[d] a statutory minimum sentence as a substitute for a defendant's offense level for the purpose of reaching a sentencing range").

Therefore, the district court correctly departed from Page's offense level based on the government's § 5K1.1 motion before imposing the mandatory minimum sentence under § 924(c).

**AFFIRMED.**