**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

      v.

TYRONE JACKSON, AKA Ty,
          *Defendant-Appellant.*

No. 08-30231

DC No.
1:06-cr-0016 CCL

OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted
April 7, 2009—Seattle, Washington

Filed August 14, 2009

Before: Betty B. Fletcher, A. Wallace Tashima, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Tashima

11139

## COUNSEL

Michael Donahoe, Federal Defenders of Montana, Helena, Montanta, for the defendant-appellant.

William W. Mercer, United States Attorney, Billings, Montana, for the plaintiff-appellee.

## OPINION

TASHIMA, Circuit Judge:

Tyrone Jackson appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C.

§ 3582(c)(2). Jackson, who pled guilty to possession of crack cocaine with intent to distribute, contends that the district court should have reduced his sentence on the basis of Amendment 706 to the U.S. Sentencing Guidelines ("U.S.S.G."), which lowered the guideline ranges for crack cocaine offenses. Although the district court waived the mandatory minimum sentence in Jackson's case, we hold that his sentence was nevertheless based on the statutory mandatory minimum (the "mandatory minimum"), not on a guideline range that was affected by Amendment 706. Therefore, we affirm the district court's conclusion that it did not have the authority to grant relief under § 3582(c)(2).

## I.  Jurisdiction and Standard of Review

We have jurisdiction to consider Jackson's appeal pursuant to 28 U.S.C. § 1291. *See United States v. Colson*, No. 08-10287, 2009 WL 2185406 (9th Cir. July 23, 2009). Because Jackson's appeal is based on a question of law, and he does not challenge a discretionary decision of the district court not to reduce his sentence, we apply de novo review. *See United States v. Paulk*, No. 08-50229, 2009 WL 2393222, at *1 (9th Cir. Aug. 6, 2009) (per curiam) (as amended).

## II.  Background

Jackson pled guilty to possession of cocaine base, commonly known as crack cocaine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At his sentencing hearing in February 2007, the district court calculated Jackson's offense level as Level 23, and his criminal history category as Category IV, yielding a guidelines sentencing range of 70-87 months. Because, however, Jackson had previously been convicted of a felony drug offense, a minimum sentence of 120 months' imprisonment was required under 21 U.S.C. § 841(b)(1)(B). In recognition of Jackson's substantial assistance in the prosecution of other offenders, the government moved the court to depart from the guidelines and impose a

sentence less than the mandatory minimum, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The district court granted the motion to waive the mandatory minimum and imposed a sentence of 90 months' imprisonment.

In November 2007, the U.S. Sentencing Commission issued Amendment 706, which lowered the Sentencing Guidelines ranges applicable to crack cocaine offenses. Under the amended guidelines, Jackson's offense level would have been 21, rather than 23. The applicable sentencing range for his criminal history category would have been 57-71 months. The mandatory minimum under 21 U.S.C. § 841(b)(1)(B), however, remained unchanged at 120 months.

In March 2008, Amendment 706 was made retroactive to defendants who were serving prison sentences for crack cocaine offenses, *see* U.S.S.G. § 1B1.10(c), and Jackson moved for a retroactive reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The district court denied Jackson's motion for resentencing, ruling that it lacked the authority to reduce Jackson's sentence because the sentence was based on the 120-month mandatory minimum and not on a sentencing range. This appeal followed.

## III.  Discussion

[1] Ordinarily, a district court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). An exception exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]" 18 U.S.C. § 3582(c)(2). In such cases, the court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* But, under U.S.S.G. § 5G1.1(b), when the mandatory minimum for a crime exceeds the sentencing

guideline range, the mandatory minimum becomes the guideline sentence, displacing the guideline range. We have held that a sentence imposed in this circumstance is not "based on" a guideline range, but rather on the mandatory minimum; as a result, a defendant sentenced pursuant to a mandatory minimum is ineligible for relief under § 3582(c)(2) even if the guideline range otherwise applicable to his offense is reduced. *See Paulk*, 2009 WL 2393222, at \*2; *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996).

**[2]** Today we confront a slight variation. The mandatory minimum applicable to Jackson exceeded the guideline range, just as was the case in *Mullanix* and *Paulk*. In the case at bench, however, the district court reduced the sentence below the mandatory minimum pursuant to § 3553(e) in recognition of Jackson's substantial assistance in prosecuting other offenders. We join our sister circuits in holding that a defendant in this circumstance is ineligible for a sentence reduction under § 3582(c)(2), despite any subsequent reductions in the guideline ranges. *See United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009); *United States v. Doe*, 564 F.3d 305 (3d Cir. 2009); *United States v. Byers*, 561 F.3d 825 (8th Cir. 2009); *United States v. Hood*, 556 F.3d 226 (4th Cir. 2009); *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009); *United States v. Williams*, 549 F.3d 1337 (11th Cir. 2008) (per curiam).

Jackson argues that he is eligible for resentencing under § 3582(c)(2) because, when the court waived the mandatory minimum, the guideline range was left as the basis for determining his sentence. In Jackson's view, when the court granted a departure below the mandatory minimum pursuant to 18 U.S.C. § 3553(e), the mandatory minimum sentence became inoperative and was no longer of relevance.

**[3]** We have, however, rejected this argument in a similar context. *See United States v. Auld*, 321 F.3d 861 (9th Cir. 2003). In *Auld*, the government moved for a waiver of the mandatory minimum sentence for a defendant who cooper-

ated with police in obtaining the conviction of other offenders. *Id.* at 863. The court departed downward from the mandatory minimum, but nevertheless imposed a sentence above the guideline range that would have applied in the absence of the mandatory minimum. *Id.* The defendant appealed the sentence and put forward essentially the same argument that Jackson does in the current case: because the court granted a departure below the mandatory minimum, the sentence should have been imposed in accordance with the Sentencing Guidelines range. *Id.* at 863-64. We disagreed, holding that, when a statutory minimum is waived, this

> means only that the mandatory nature of the statutory minimum is dispensed with, thus permitting the imposition of a sentence below that minimum.[1] It does not mean that the statutory minimum is not to be used as the point from which a downward departure begins.

*Id.* at 866. If Congress had meant to render mandatory minimums completely inoperative in the case of reductions pursuant to § 3553(e), it would not have simply granted "limited authority to impose a sentence below a statutory minimum," but rather would have used language like that in 18 U.S.C. § 3553(f), which authorizes the district court to impose a sentence "without regard to any statutory minimum sentence." *See id.* at 865.

**[4]** The district court's procedure in imposing Jackson's sentence was consistent with the holding in *Auld*: the court used the mandatory minimum, not the Sentencing Guidelines

---

[1]*Auld* was decided prior to *United States v. Booker*, 543 U.S. 220 (2005), *i.e.*, when the Sentencing Guidelines were mandatory and the district court was not permitted to impose a sentence outside the guideline range in the absence of a ground for departure. Although the guidelines are now only advisory, the reasoning in *Auld* remains sound as to the continuing relevance of a mandatory minimum sentence in determining a sentence under § 3553(e).

range, as the starting point for determining Jackson's sentence. At the initial sentencing, when deciding how far to reduce Jackson's sentence in light of his cooperation with the investigation, the court began its calculation from the 120-month minimum, not from the guidelines sentencing range. The court characterized the 90-month sentence as a 25 percent reduction from the 120-month minimum, not as an increase from the guidelines sentencing range. The parties discussed the guidelines sentencing range, but the court stated that, because of the mandatory minimum, "for all practical purposes, the [sentence of] 70 to 87 months [the indicated guidelines range] is irrelevant."

Jackson argues, in the alternative, that he is eligible for a reduction in sentence under § 3582(c)(2) because, even if the court was correct to use the mandatory minimum as the starting point for determining his sentence, the sentence was still based in part on the Sentencing Guidelines. He points out that, under U.S.S.G. § 5G1.1(b), a mandatory minimum becomes the guideline sentence only when it exceeds the maximum of the guideline range. In order to determine whether the mandatory minimum takes the place of the guideline range, a district court must calculate the range indicated by the Sentencing Guidelines and compare it to the mandatory minimum. Because the district court was required to take the guideline range into account when determining Jackson's sentence, Jackson argues that the sentence was based on a guideline range.

This argument proves too much. Every sentence involving a mandatory minimum requires a comparison with the range indicated by the Sentencing Guidelines. By Jackson's logic, then, every mandatory minimum sentence would be "based on" the Sentencing Guidelines, and every defendant sentenced to a mandatory minimum would be eligible for a reduction if the otherwise-applicable Sentencing Guidelines were reduced. This is incompatible with our holding in *Paulk*, 2009 WL 2393222, at *2, and also with U.S.S.G. § 1B1.10, cmt. n.1(A),

which expressly states that a defendant sentenced to a mandatory minimum is ineligible for a § 3582(c)(2) reduction. We thus reject the argument.

**[5]** Finally, Jackson contends that his sentence was based on the guideline range because, after the district court decided to grant a departure under § 3553(e), the court was required to consider the guideline range as one of the § 3553(a) factors in deciding whether to impose a sentence above or below that indicated by the departure. But in determining the extent of a departure under § 3553(e), "[t]he district court may not . . . consider factors unrelated to the defendant's assistance." *Auld*, 321 F.3d at 867; *accord Williams*, 551 F.3d at 186; *United States v. Williams*, 474 F.3d 1130, 1131-32 (8th Cir. 2007); *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006). When the district court grants a waiver of the mandatory minimum pursuant to § 3553(e), the departure establishes the new minimum sentence for the defendant, and the court may not reduce the sentence further on the basis of the § 3553(a) factors. *United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008). This is not to say that the district court should not consult the § 3553(a) factors before imposing a final sentence. As the Second Circuit explained in *Williams*, "only after the court has determined the full extent of the downward departure it would award based on [the defendant's] substantial assistance does the court consider other factors, including those in § 3553(a), to decide whether to depart to that full extent." 551 F.3d at 186. In other words, the court may increase a sentence on the basis of the § 3553(a) factors, but may not reduce the sentence further.

**[6]** Thus, when the district court decided that it would grant Jackson a downward departure of 25 percent from the 120-month minimum, it was bound to impose a sentence of no less than 90 months, regardless of whether Amendment 706 had been in effect at the time of Jackson's sentencing. Because the district court granted Jackson the full benefit of the departure, a change in the guideline range could not have allowed a fur-

ther reduction in Jackson's sentence. Thus, Jackson's sentence was not "based on" the guideline range, and he was not eligible for resentencing under § 3582(c)(2).

## IV.  Conclusion

For the reasons set forth above, the district court was correct to hold that Jackson was ineligible for resentencing under § 3582(c)(2). The judgment of the district court is **AFFIRMED.**