**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DANIEL YOSHIMOTO,<br><br>Defendant - Appellant. | No. 11-10151<br><br>D.C. No. 1:09-cr-00140-SOM-3<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted June 12, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

Daniel Yoshimoto appeals the sentence of 27 months imprisonment imposed

following his guilty plea to violations of 21 U.S.C. §§ 841 and 846. We have

jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm the

sentence imposed by the district court.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.  A "district court may not . . . consider factors unrelated to the defendant's assistance" when fixing a downward departure for substantial assistance pursuant to 18 U.S.C. § 3553(e). *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003). We have explained that "[w]hen the district court grants a waiver of the mandatory minimum pursuant to § 3553(e), the departure establishes the new minimum sentence for the defendant, and the court may not reduce the sentence further on the basis of the § 3553(a) factors." *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009). Thus, the district court did not err by considering Yoshimoto's rehabilitation evidence only in the context of how it factored into Yoshimoto's substantial assistance pursuant to § 3553(e).

The discussion of 18 U.S.C. §§ 3661 and 3553(a) in *Pepper v. United States*, 131 S. Ct. 1229 (2011), does not invalidate our interpretation of § 3553(e). Section 3553(e) does not conflict with 18 U.S.C. § 3661 by placing a limitation on the type of information that a defendant may present to the district court. Rather, § 3553(e) "simply removes the discretion from a sentencing judge" by limiting her authority to impose a sentence below a mandatory minimum. *Cf. United States v. LaFleur*, 971 F.2d 200, 212 n.14 (9th Cir. 1991). Nor does § 3553(e) conflict with 18 U.S.C. § 3553(a) by raising an impermissible categorical bar on the consideration of rehabilitation evidence. Section 3553(e) does not prevent a district court from

2

considering rehabilitation evidence in the context of how it factors into a defendant's substantial assistance. *See Pepper*, 131 S. Ct. at 1242.

2. Although the Guidelines are no longer mandatory, the Supreme Court has explained that the "Guidelines should be the starting point and the initial benchmark" for sentencing. *Pepper*, 131 S. Ct. at 1241; *Gall v. United States*, 552 U.S. 38, 49 (2007).

Even if the district court erred by using the Guidelines range as the starting point for the substantial assistance departure, we do not have discretion to grant Yoshimoto relief for plain error. Yoshimoto has not established a reasonable probability that he would have received a different sentence had the district court used the mandatory minimum sentence as the starting point. *See United States v. Tapia*, 665 F.3d 1059, 1061, 1063 (9th Cir. 2011).

3. When fashioning a sentence, a court must consider various factors, including: "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Supreme Court has labeled this factor the "retribution" goal of sentencing. *Tapia v. United States*, 131 S. Ct. 2382, 2387 (2011). The Supreme Court also stated that, when deciding (1) whether to impose a sentence of imprisonment, and (2) the length of any imprisonment imposed, a

3

sentencing court "should consider the specified rationales of punishment"—including retribution—"*except for* rehabilitation . . . ." *Id.* at 2388 (emphasis in original). Thus, the district court did not plainly err when it considered the retribution goal of § 3553(a) while fashioning Yoshimoto's sentence of imprisonment.

4. Because we have resolved the issues presented in this case on the narrower grounds above, we do not consider the constitutional question of whether the second sentence of 18 U.S.C. § 3553(e) impermissibly makes the Sentencing Guidelines mandatory. *See Envtl. Def. Ctr., Inc. v. U.S. EPA*, 344 F.3d 832, 843 (9th Cir. 2003).

**AFFIRMED.**