**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-30367

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JONATHAN SHANE BENTON,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
(09-CR-102)

Before JOLLY, PRADO, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:[*]

Jonathan Shane Benton appeals the district court's decision that he was ineligible for resentencing under the changes to the crack cocaine sentencing guidelines. Benton pleaded guilty to a crack cocaine offense and was sentenced below the mandatory minimum because the government sought and obtained a downward departure for substantial assistance. Because Benton's sentence was based on a statutory departure from the statutory minimum sentence, rather than on a guideline sentencing range, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30367

## I.     Facts and Procedural History

Benton pleaded guilty, in 2009, to possessing with the intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a).  The presentence report determined that Benton's base offense level was 32, and reduced by three levels for acceptance of responsibility, for a total offense level of 29.  Based on that offense level and Benton's criminal history score of IV, Benton's guideline sentencing range was 121 to 151 months of imprisonment.

Although Benton's crime of conviction carried a statutory minimum sentence of 120 months, the Government moved for a ten-level downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 due to Benton's substantial assistance.  The district court granted the motion and recalculated Benton's guideline range to be 46 to 57 months.  Benton was sentenced to 57 months of imprisonment.

The Sentencing Commission subsequently altered the base offense levels for cocaine base to conform with the Fair Sentencing Act, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (Aug. 3, 2010).  *See* United States Sentencing Commission, *Guidelines Manual, Supp. to Appendix C-Vol. III*, Amendment 750, at 391–98 (Nov. 1, 2011).  These changes apply retroactively to offenders such as Benton. *See* Amendment 759, *id.* at 416–21; U.S.S.G. § 1B1.10(c).

Based on these changes, the district court examined Benton's case *sua sponte, see* 18 U.S.C. § 3582(c)(2), to determine whether Benton qualified for a reduction of sentence.  The Probation Office report recommended a reduction, citing § 1B1.10, Application Note 3, for the proposition that because Benton's original sentence was less than his original guideline range, a reduction comparably less than the amended guideline range would be appropriate.  It

2

No. 12-30367

concluded that, applying the same 10-level reduction that Benton had received for substantial assistance, Benton's new offense level should be 17 and his amended guideline range would be 37 to 46 months.

The Government objected to the report, arguing that Benton is not eligible for a sentence reduction because his statutory minimum sentence could only have been superseded by the statutory authority of § 3553(e), not by operation of the sentencing guidelines. The district court agreed with the Government and denied Benton a sentencing reduction, stating that "§ 3553(e) permits a departure from the statutory minimum, and only the statutory minimum, regardless of the unutilized sentencing range."

## II.    Analysis

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to" the Sentencing Commission's changes to the guidelines. 18 U.S.C. § 3582(c)(2). The applicable guidelines policy statement, U.S.S.G. § 1B1.10, limits the circumstances under which a defendant is entitled to a § 3582(c)(2) sentence reduction. § 1B1.10, cmt. 1.[1] A

---

[1] Although not elaborated on by the parties, we note that the commentary to the policy statement discussing not the authority to reduce a sentence, but limitations to such reductions, does imply tension inasmuch as it refers to § 3553(e) "authorizing the court, upon government motion, to impose a sentence below a statutory minimum to reflect the defendant's substantial assistance." U.S.S.G. § 1B.10, cmt. 3. Section 1B1.10 and its Application Note provide that while generally a sentence under § 3582(c)(2) shall not be reduced below the amended guideline range, an exception exists where the original sentence was imposed below the guideline range pursuant to "a government motion for substantial assistance"; in such cases, a sentence comparably less than the amended guideline range may be imposed. *Id.* The Application Note lists § 3553(e), along with § 5K1.1 and Federal Rule of Criminal Procedure 35(b), as the provisions authorizing such a government motion. *Id.*

No. 12-30367

reduction is not authorized if the amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *Id.*

In determining whether to reduce a sentence under § 3582(c)(2), the district court first decides whether the defendant is eligible for a sentence modification, and if so, must consider the applicable 18 U.S.C. § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). A reduction must also be consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2). Benton argues that the district court erred in determining that he was not eligible for a sentence reduction under § 3582(c)(2), and we review that question de novo. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Section 3582(c)(2) applies only to defendants whose original term of imprisonment was "*based on* a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2) (emphasis added). In *United States v. Carter*, this court interpreted the phrase "based on" in the context of a defendant whose

---

Nonetheless, the policy statement and commentary allow for an exception for sentences imposed below the guideline range at the time of sentencing and do not address sentences imposed below the statutory minimum. *See* § 1B.10(b)(2)(B); § 1B1.10 cmt. 3. Thus, we will not interpret this possible tension in the Sentencing Commission's reference to § 3553(e) to overcome precedent from this circuit and others that a departure under § 3553(e) is a departure from the statutory minimum, not from the guideline range, as discussed below. *See United States v. Carter*, 595 F.3d 575, 580 (5th Cir. 2010); *United States v. Hood*, 556 F.3d 226, 235 (4th Cir. 2009); *United States v. Hameed*, 614 F.3d 259, 268–69 (6th Cir. 2010); *United States v. Williams*, 549 F.3d 1337, 1342 (11th Cir. 2008).

No. 12-30367

statutory minimum was higher than—and therefore displaced—his otherwise-applicable guideline range. 595 F.3d 575, 579 (5th Cir. 2010). The court concluded that such a defendant was ineligible for a reduction under § 3582(c)(2) because his sentence was "'based on' the statutory minimum, not the guideline range." *Id.* at 579; *see also* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Benton argues that, because his original guideline range—unlike that of the defendant in *Carter*—was *higher* than the statutory minimum, his original sentence was "based on" a guideline range that has since been lowered, from 121–151 months to 120–125 months. The district court nonetheless determined that Benton was ineligible for a reduction because his sentence was based on a statutory departure from the statutory minimum, rather than on a guideline range. We agree.

A district court may depart below a statutory minimum for a drug crime only under the statutory exceptions contained in § 3553(e), the "substantial assistance" exception, and § 3553(f), the "safety valve" exception. *United States v. Phillips*, 382 F.3d 489, 499 (5th Cir. 2004). Courts "lack[] authority to impose a sentence below the statutory minimum absent a *statutory* exception." *Carter*, 595 F.3d at 578–79.

The Supreme Court has made clear that "§ 3553(e) requires a Government motion requesting or authorizing the district court to impose a sentence below a level established by statute as [the] minimum sentence before the court may

No. 12-30367

impose such a sentence." *Melendez v. United States*, 518 U.S. 120, 125–26 (1996). Section 3553(e) provides that:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission.

18 U.S.C. § 3553(e). A sentence reduction under § 3553(e) does not render the statutory minimum inapplicable; instead, it constitutes a departure from the statutory minimum. *Carter*, 595 F.3d at 580; *see also United States v. Hood*, 556 F.3d 226, 235 (4th Cir. 2009). Thus, the statutory minimum, and not the guideline range, is the correct starting point for imposing a sentence under § 3553(e).

We have held, in accordance with the majority of other circuits, that the extent of a departure under § 3553(e) "must be based solely on assistance-related concerns." *United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006); *see also United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008); *Hood*, 556 F.3d at 237; *United States v. Williams*, 474 F.3d 1130, 1130–31 (8th Cir. 2007); *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003). Section 3553(e)'s instruction that the resulting sentence shall be imposed "in accordance with the guidelines and policy statements issued by the Sentencing Commission" does not, however, override the fact that the departure sentence remains based on the underlying statutory minimum. *Carter*, 595 F.3d at 579–580. Instead, we have interpreted that instruction to refer to "such guidelines and policy statements as the Commission may create specifically to implement § 3553(e)." *Id.* at 580; *see also*

*Hameed*, 614 F.3d at 269 (holding that, where a defendant was granted a § 3553(e) departure, the crack cocaine guidelines were not "'applicable' in determining the extent of the departure [the defendant] received" and, thus, the defendant was ineligible for a sentence reduction under § 3582(c)(2)). Thus, even though the changes to the crack cocaine guidelines lowered Benton's sentencing range under § 2D1.1, that range did not determine the sentence Benton received under § 3553(e).[2]

Although the district court calculated Benton's sentencing range under § 2D1.1 both before and after taking into account the § 3553(e) departure, this is an "informal" factor that we do not consider in determining whether a sentence was "based on" a lowered guideline range as required by § 3582(c)(2). *Carter*, 595 F.3d at 579 n.4. Instead, "where a statutory minimum applies and can only be modified based on statutory exceptions, it does not matter to the sentence-reduction analysis that a district court may have considered or purported to rely on general guideline provisions when calculating the extent of a downward departure." *Id.*; *see also Hood*, 556 F.3d at 235 (a district court's reference to reduced offense levels to quantify a downward departure § 3553(e) has "no legal significance for the analysis under § 3582(c)(2)"). Because the district court was not authorized to consider any otherwise-applicable guideline range in

---

[2] Benton argues that the plain text of § 1B1.10 establishes his eligibility for a reduced sentence. Section 1B1.10 provides that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Benton notes that his amended guideline range would have been 120 to 125 months rather than 121 to 151 months. Although Benton is correct that the amendment lowered his guideline range under § 2D1.1, nonetheless, were he to be resentenced today, the same statutory minimum would apply and, if presented with another § 3553(e) motion, the court still would be departing from the statutory minimum, not the amended guideline range. *See United States v. Johnson*, 564 F.3d 419, 422–23 (6th Cir. 2009).

No. 12-30367

sentencing Benton under § 3553(e), we conclude that Benton's sentence was not based on a sentencing range that was subsequently lowered by Amendment 750.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's ruling denying a reduction in sentence.