NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50194 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00429-JAK-SS-39 |
| v. | |
| JUAN MANUEL RAMOS HERNANDEZ, AKA Manuel Ramos, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 15, 2019
Pasadena, California

Before:  BERZON and WATFORD, Circuit Judges, and WHALEY,** District
Judge.

Juan Manuel Ramos Hernandez ("Ramos") challenges his 84-month

sentence for conspiracy to distribute controlled substances pursuant to 21 U.S.C.

§§ 846, 841(b)(1)(B).  Ramos contends the district court erred in arriving at his 84-

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

month sentence after the government filed a motion under 18 U.S.C.

§ 3553(e), which permitted the court to sentence Ramos below the otherwise-applicable 120-month statutory minimum to account for his substantial assistance to the government. We affirm.

When a district court departs downward under § 3553(e), it must use the statutory minimum as the starting place for its analysis. *United States v. Jackson*, 577 F.3d 1032, 1035 (9th Cir. 2009); *United States v. Auld*, 321 F.3d 861, 862 (9th Cir. 2003). In calculating the degree of departure warranted, the court may consider only the nature and extent of the defendant's cooperation, *Auld*, 321 F.3d at 867, and may not reduce the sentence further based on any other factors, *Jackson*, 577 F.3d at 1036. Thus, contrary to Ramos' assertion, the district court was not free to disregard the statutory minimum when determining the starting point for its departure calculation. Nor was it permitted to reduce Ramos' sentence on the basis of factors unrelated to his assistance, such as his acceptance of responsibility, his co-defendants' comparatively lighter sentences, or the potential overstatement of his criminal history. *See Auld*, 321 F.3d at 867.

Ramos argues that Amendment 780 to the Sentencing Guidelines required the district court to ignore the statutory minimum once it decided to depart downward under § 3553(e). He is wrong for two reasons. First, Amendment 780 applies only when defendants seek resentencing under 18 U.S.C. § 3582(c)(2),

which is not the case here.  Second, even if Ramos were seeking resentencing, Amendment 780 would not apply because his sentence was not "based on" the Sentencing Guidelines range associated with his offense; instead, the district court tethered its departure analysis to the statutory minimum and never discussed the otherwise-applicable Guidelines range.  *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1046 (9th Cir. 2017).  Accordingly, Amendment 780 has no bearing on Ramos' sentence.[1]

**AFFIRMED.**

---

[1] At oral argument, Ramos alternatively argued that our decision in *United States v. Tadio*, 663 F.3d 1042 (9th Cir. 2011), effectively overruled *Auld* and *Jackson*. Because *Tadio*'s plain text squarely contradicts this assertion, *see id.* at 1054, we reject this argument as well.

*United States v. Ramos Hernandez*, 18-50194

BERZON, Circuit Judge, concurring

This Court has long held that downward departures from statutory minimum sentences under 18 U.S.C. section 3553(e) must be based exclusively on factors "bearing on the quality on the quality of assistance provided"; courts may not "consider factors unrelated to the defendant's assistance," such as offense level and criminal history. *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003); *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009). Here, the district court determined the extent of a downward departure by choosing a guidelines range which includes the mandatory minimum within it, assessing how many offense levels the defendant's assistance to the government is worth, and departing that number of levels downward to select a new guidelines range. Proceeding in that way allowed the defendant's sentence to be determined in part by factors other than the defendant's assistance. The guidelines ranges reflect both offense levels and criminal history categories. Depending on which criminal history category the district court uses, a "two level" downward departure from a 120 month sentence can vary by over 20 months. U.S.S.G. Ch. 5 Pt. A. This Court has previously rejected a very similar approach as arbitrary and confused. *United States v. Rodriguez-Martinez*, 25 F.3d 797, 798-99 (9th Cir. 1994).

Here, however, the parties affirmatively agreed to this methodology, so the

issue whether it is proper is not before us. I note that this questionable sentencing practice does appear to be widespread. *See, e.g.*, *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1044-45 (9th Cir. 2017); *United States v. D.M.*, 869 F.3d 1133, 1136-37 (9th Cir. 2017); *United States v. Richardson*, 521 F.3d 149, 154, 157-59 (2nd Cir. 2008). In an appropriate case, the Court may wish to clarify whether *Auld* and *Jackson* permit such an approach.