**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10055 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00050-SOM |
| v. | |
| SUSAN CHAVEZ-RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief Judge, Presiding

Submitted October 9, 2011[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

    Susan Chavez-Ramirez appeals from the 158-month sentence imposed

following her guilty-plea conviction for conspiracy to distribute and possess with

intent to distribute 500 grams or more of a substance containing methamphetamine,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and possession with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Chavez-Ramirez contends that in granting a downward departure under 18 U.S.C. § 3553(e), the district court could have considered factors unrelated to her substantial assistance. This contention is foreclosed by *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009). Contrary to Chavez-Ramirez's argument, *Pepper v. United States*, 131 S. Ct. 1229 (2011), does not permit us to disregard our precedent. *See United States v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir. 2009).

Chavez-Ramirez also contends that the district court erred when it used the Guidelines range as the starting point for the departure. Even if the district court so erred, Chavez-Ramirez has not established a reasonable probability that she would have received a different sentence had the district court instead used the mandatory minimum sentence as the starting point. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**